IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE TAYLOR, | ) | CASE NO: _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| BARSONY HOLSTERS & BELTS, | ) | |
| LLC, an Oregon Limited Liability Company | ) | |
| and, SMITH AND WESSON, a | ) | |
| Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Shane Taylor, by and through his attorneys of record, states and alleges as

follows:

## I.

### JURISDICTION AND VENUE

1.     The Plaintiff brings his Complaint under Federal Diversity jurisdiction 28 U.S.C.

§ 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds

$75,000.00.

## II.

### PARTIES

2.     The Plaintiff Shane Taylor is a citizen of the United States and resident of Omaha

Douglas County, Nebraska.

3.     The Defendant, Barsony Holsters & Belts (Barsony), is an Oregon Limited

Liability Company with its principal place of business at Hillsboro, Oregon.

4.      The Defendant, Smith and Wesson is a Delaware Corporation registered to do business in Massachusetts, with its principal place of business at Springfield, Massachusetts.

### III.

### GENERAL ALLEGATIONS

5.      The Plaintiff on and after August 29, 2017 was and is employed as a special agent with the Office of the Inspector General, Social Security Administration of the U.S. Government, stationed at the agency field office in Omaha, Douglas County, Nebraska.  As a Special Agent the Plaintiff is authorized and required to carry a firearm in the course of his duties.

6.      The Defendant Barsony Holsters and Belts LLC is a manufacturer and seller of instruments and firearm related equipment, including the nylon holster designed and represented to accommodate safely the Smith and Wesson Compact purchased by the Plaintiff and possessed by the Plaintiff as part of his duties as a special agent.

7.      The Defendant Smith and Wesson is a manufacturer of firearms in the United States. It's pistols and revolvers have become standard issue to police and armed forces throughout the world, including the Smith and Wesson 9mm Compact Serial #HNS2154 (firearm) owned by the Plaintiff Shane Taylor. Smith and Wesson made affirmative representations in advertising, product manuals, and/or in other written materials that the firearm could be holstered safely in the Defendant Barsony's nylon waistband holster (holster).

8.      On August 29, 2017, the Plaintiff in the regular course of his training was preparing to be tested on his backup weapon (the firearm) at the firing range of the Council Bluffs, Iowa Police Department. He retrieved his backup weapon (the firearm) which was inside

2

the holster inside his range bag. Plaintiff took the firearm out of its holster, took the safety off, chambered a round, and placed the firearm back in its holster. The firearm was fully seated inside of the holster when the Plaintiff inserted the holstered firearm inside his waistband. As the Plaintiff was inserting the holstered firearm inside his waistband the firearm discharged. Plaintiff was attempting to clip the holster to the waistband belt with his hand on the butt of the holstered firearm pushing down to clip it on the belt when the holstered firearm discharged. Prior to discharge there were no visible or obvious defects in the holster or firearm. The holster now has tears in it, these tears were either caused by gases discharged when the firearm fired or was torn as the Plaintiff placed the holstered firearm in his waistband.

9.      The purpose of the training was to practice the quick removal of a loaded backup weapon from the holster in a rapid fashion, when in the presence of active danger. The training was a part of a required quarterly firearm qualification which involved the safe firing of live rounds from the firearm in order to qualify. When the Plaintiff was placing the firearm and its holster in his waistband, in a manner unknown to Plaintiff, the firearm discharged sending a projectile into the right thigh of the Plaintiff resulting in severe and permanent injury and causing damages to Plaintiff in excess of $75,000.00.

10.     Each of the Defendants represented:

(a)     That the Smith & Wesson compact model owned by the Plaintiff could be safely inserted into the waistband when holstered in the model of holster owned by the Plaintiff and loaded with ammunition;

(b)     That the holster was not defective and would not engage the trigger of the firearm or otherwise cause the firearm to discharge while it was stored in

3

the holster; and

( c )   That the design of the holster was compatible with the design of the Smith & Wesson 9 mm Compact.

**IV.**

**INCORPORATION OF ALLEGATIONS**

11.     All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

**V.**

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE**

**A.     Smith and Wesson**

12.     The Defendant Smith & Wesson, as a commercial seller of firearms such the Smith and Wesson 9mm Compact designed for easy concealment and use as a backup weapon, had a duty to ensure that such firearms were in a reasonably safe condition when they left the care of the Defendant and to ensure that such firearms were reasonably safe for their intended purpose.

13.     The Defendant Smith & Wesson breached its duty to the Plaintiff by failing to ensure that the firearm which he purchased was reasonably safe.

14.     The firearm which was purchased by the Plaintiff was defectively designed, which breached the Defendant's duty to ensure that such firearms are reasonably safe for their intended purposes.

15.     The Defendant did not properly inspect the device or otherwise ensure that it was

4

not defective at the time it was purchased by the Plaintiff. The firearm which was purchased by the Plaintiff was defectively manufactured, which breached the Defendant's duty to ensure that such firearms are reasonably safe for their intended purposes.

16.     The Defendant breached its duty to ensure that its devices were reasonably safe by failing to adequately inform or warn consumers of the risks posed by the firearm when used in drills such as the one the Plaintiff participated in as described above. The Defendant also breached its duty by failing to inform the Plaintiff of proper methods for mitigating risks posed by the firearm in such situations.

17.     The Defendant Smith and Wesson's defective design, manufacture, and warnings related to the firearm were the direct and proximate causes of the injuries sustained by the Plaintiff.

18.     The Firearm was entirely within the posession and control of the Defendant Smith and Wesson throughout the manufacturing process and was in its origional condition immediately prior to being purchased by the Plaintiff. The damages to the Plaintiff's leg were of the type which would not ordinarily occur in the absence of negligence on the part of the Defendant, the firearm was being used in accordance with its intended purpose.

19.     The Defendant Smith and Wesson negligently advertised the firearm as being compatible with the holster used by the Plaintiff when the firearm discharged.

20.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**B.**     **Barsony**

21.     The Defendant Barsony, is a commercial seller of holsters such the nylon holster used by the Plaintiff which was designed for easy concealment and use to contain backup weapons such as the firearm. Barsony had a duty to ensure that such holsters were in a reasonably safe condition when they left the care of Barsony and to ensure that such holsters were reasonably safe for their intended purpose.

22.     The Defendant Barsony breached its duty to the Plaintiff by failing to ensure that the holster which he purchased was reasonably safe.

23.     The holster which was purchased by the Plaintiff was defectively designed, which breached Barsony's duty to ensure that such holsters are reasonably safe for their intended purposes.

24.     Barsony did not properly inspect the holster or otherwise ensure that it was not defective at the time it was purchased by the Plaintiff. The firearm which was purchased by the Plaintiff was defectively manufactured, which breached Barsony's duty to ensure that such holsters are reasonably safe for their intended purposes.

25.     Barsony breached its duty to ensure that its holsters were reasonably safe by failing to adequately inform or warn consumers of the risks posed by the holster when used in drills such as the one the Plaintiff participated in as described above. Barsony also breached its duty by failing to inform the Plaintiff of proper methods for mitigating risks posed by the holster in such situations.

26.     The Defendant Barsony's defective design, manufacture, and warnings related to the holster were the direct and proximate causes of the injuries sustained by the Plaintiff.

6

27.     The holster was entirely within the possession and control of the Defendant Barsony throughout the manufacturing process and was in its original condition immediately prior to being purchased by the Plaintiff. The damages to the Plaintiff's leg were of the type which would not ordinarily occur in the absence of negligence on the part of Barsony, the holster was being used in accordance with its intended purpose.

28.     The Defendant Barsony negligently advertised the holster as being compatible with the firearm used by the Plaintiff when the firearm discharged.

29.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**VI.**

**SECOND CLAIM FOR RELIEF
STRICT LIABILITY, INADEQUATE WARNING**

A.      **Smith and Wesson**

30.     The Defendant Smith and Wesson manufactured and sold the firearm used by the Plaintiff as described above through various distributors and/or agents.

31.     The Defendant Smith and Wesson is and was in the business of manufacturing and selling the firearm at issue.

32.     The Defendant Smith and Wesson advertised the firearm as being compatible with the holster used by the Plaintiff as described above.

7

33.     The foreseeable risks of harm posed by the firearm could have been avoided by warning of the proclivity of the firearm to discharge when used in accordance with its intended purpose in conjunction with the holster as described above.

34.     The omission of such warnings rendered the firearm unreasonably dangerous to the Plaintiff.

35.     The omission of warnings regarding the proper use of the firearm and holster, as well as the potential for personal injury as described above, rendered the firearm unreasonably dangerous and prevented the Plaintiff from taking precautions which could have prevented the unintentional discharge of the firearm.

36.     The risks which should have been disclosed to the Plaintiff were not obvious or generally known to the foreseeable purchaser and ultimate consumer of the firearm.

37.     The failure to warn was the proximate cause of injuries to the Plaintiff

38.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**B.     Barsony**

39.     The Defendant Barsony manufactured and sold the holster used by the Plaintiff as described above through various distributors and/or agents.

40.     Barsony is and was in the business of manufacturing and selling the holster at issue.

8

41.     The Defendant Barsony advertised the holster as being compatible with the firearm used by the Plaintiff as described above.

42.     The foreseeable risks of harm posed by the holster could have been avoided by warning of the proclivity of the holster to cause unintentional discharge of firearms when used in accordance with its intended purpose in conjunction with the firearm as described above.

43.     The omission of such warnings rendered the holster unreasonably dangerous to the Plaintiff.

44.     The omission of warnings regarding the proper use of the firearm and holster, as well as the potential for personal injury as described above, rendered the firearm unreasonably dangerous and prevented the Plaintiff from taking precautions which could have prevented the unintentional discharge of the firearm.

45.     The risks which should have been disclosed to the Plaintiff were not obvious or generally known to the foreseeable purchaser and ultimate consumer of the holster.

46.     The failure to warn was the proximate cause of injuries to the Plaintiff

47.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**VII.**

**THIRD CLAIM FOR RELIEF**
**STRICT LIABILITY, DESIGN DEFECT**

A.      **Smith and Wesson**

48.     The firearm was designed defectively in that the firearm was designed in such a way that it can discharge unintentionally and without warning when it is inserted into a holster as described above.

49.     The firearm used by the Plaintiff was defectively designed in such a way that the firearm was prone to fire without warning and without the user contacting the trigger as described above. This rendered the firearm prone to unintentional discharge as described above.

50.     The design defects rendered the firearm unreasonably dangerous and unsafe for its intended use.

51.     The design defect was the proximate cause of injuries to the Plaintiff

52.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**B.      Barsony**

53.     The holster was designed defectively in that the holster was designed in such a way that it can cause a firearm inserted into the holster to discharge unintentionally and without warning as described above.

54.     The holster used by the Plaintiff was defectively designed in such a way that the holster was prone to cause a firearm inserted into the holster to fire without warning and without the user contacting the trigger as described above. This rendered the holster prone to cause unintentional discharge as described above.

55.     The design defects rendered the holster unreasonably dangerous and unsafe for its

10

intended use.

56.    The design defect was the proximate cause of injuries to the Plaintiff

57.    The Plaintiff has suffered and continues to suffer pain and will continue to suffer

in the future, has lost wages, has incurred disability both temporary and permanent, has incurred

damage to his reputation, and has incurred special damages for medical expenses in an amount to

be proved at trial.

**VIII.**

**FOURTH CLAIM FOR RELIEF**
**STRICT LIABILITY, MANUFACTURING DEFECT**

**A.    Smith and Wesson**

58.    The Defendant Smith and Wesson is the manufacturer and seller of the firearm

used by the Plaintiff as described above and knew or in the exercise of reasonable care should

have known that the firearm would be used without additional inspection for defects after the

firearm left the care of the Defendant.

59.    The firearm used by the Plaintiff as described above was in a defective condition

when it was placed on the market and left Smith and Wesson's possession.

60.    The defect in the firearm is the proximate cause or a proximately contributing

cause of the Plaintiff's injuries sustained while being used in the way and for the general

purpose for which the firearm was designed and intended.

61.    The manufacturing defect rendered the firearm dangerously subject to

unintentional discharge which led to unintentional discharge as described above.

62.    Smith and Wesson failed to enact proper quality control measures which could

have detected the defect in the firearm which was used by the Plaintiff.

63.     The Plaintiff has suffered damage as alleged and which was the proximate result of the Defendant's defectively manufactured holster.

64.     The manufacturing defect was the proximate cause of injuries to the Plaintiff

65.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**B.     Barsony**

66.     The Defendant Barsony is the manufacturer and seller of the holster used by the Plaintiff as described above and knew or in the exercise of reasonable care should have known that the holster would be used without additional inspection for defects after the holster left the care of the Defendant.

67.     The holster used by the Plaintiff as described above was in a defective condition when it was placed on the market and left Barsony's possession.

68.     The defect in the holster is the proximate cause or a proximately contributing cause of the Plaintiff's injuries sustained while being used in the way and for the general purpose for which the holster was designed and intended.

69.     The manufacturing defect rendered the holster dangerously subject to causing unintentional discharge which led to unintentional discharge as described above.

70.     Barsony failed to enact proper quality control measures which could have detected the defect in the holster which was used by the Plaintiff.

12

71.     The Plaintiff has suffered damage as alleged and which was the proximate result of the Defendant's defectively manufactured holster.

72.     The manufacturing defect was the proximate cause of injuries to the Plaintiff

73.     The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

IX.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF WARRANTY**

**A.     Smith and Wesson**

74.     The Defendant Smith and Wesson is a merchant engaged in the business of selling firearms.

75.     Smith and Wesson held out its firearms, including the firearm at issue, as suitable for safe and effective use as a backup weapon for law enforcement officers, including use in live fire drills as described above.

76.     Smith and Wesson advertised the firearm as being suitable for use with the holster as described above.

77.     The firearm, though represented as safe and effective, was defective and caused an unintentional discharge, causing damage to the Plaintiff. The firearm which caused the Plaintiff's injuries was not fit for the ordinary purposes for which such firearms are used in that it was unreasonably subject to unintentional discharge based on its faulty design and/or manufacturing.

13

The firearm which caused the Plaintiff's injuries also contained inadequate warnings in that it failed to apprise consumers of the risks posed by the firearm and proper measures to mitigate those risks. The firearm was also specifically represented as being suitable for use with the holster as described above, however the firearm was not fit for ordinary and customary use with the holster because use with the holster caused unintentional discharge as described above.

78.    Smith and Wesson's breach of the warranty of merchantability, warranty of fitness for a particular purpose, and express warranty, was a direct and proximate cause of the injury and damage to the Plaintiff. The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**B.    Barsony**

79.    The Defendant Barsony is a merchant engaged in the business of selling holsters.

80.    Barsony held out its holsters, including the holster at issue, as suitable for safe and effective use with a backup weapon for law enforcement officers, including use in live fire drills as described above.

81.    Barsony advertised the holster as being suitable for use with the firearm as described above.

82.    The holster, though represented as safe and effective, was defective and caused an unintentional discharge, causing damage to the Plaintiff. The holster which caused the Plaintiff's injuries was not fit for the ordinary purposes for which such holsters are used in that it was unreasonably subject to causing unintentional discharge of the firearm based on its faulty design

14

and/or manufacturing. The holster which caused the Plaintiff's injuries also contained inadequate warnings in that it failed to apprise consumers of the risks posed by the holster and proper measures to mitigate those risks. The holster was also specifically represented as being suitable for use with the firearm as described above, however the holster was not fit for ordinary and customary use with the firearm because use with the firearm caused unintentional discharge as described above.

83.    Barsony's breach of the warranty of merchantability, warranty of fitness for a particular purpose, and express warranty, was a direct and proximate cause of the injury and damage to the Plaintiff. The Plaintiff has suffered and continues to suffer pain and will continue to suffer in the future, has lost wages, has incurred disability both temporary and permanent, has incurred damage to his reputation, and has incurred special damages for medical expenses in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, Shane Taylor prays for judgment jointly and severely against the Defendants for pain, suffering, disability with temporary and permanent and special damages to be proved at trial, and such other relief deemed appropriate by the court.

## X.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands trial by jury in Omaha, Nebraska, on all issues so triable.

SHANE TAYLOR, Plaintiff

BY      s/Thomas M. White
        Thomas M. White, #17452
        Amy S. Jorgensen, #23215
        Benjamin N. White, #26123
        WHITE & JORGENSEN
        3114 St. Mary's Avenue
        Omaha, NE 68105
        (402) 346-5700