IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE TAYLOR,<br><br>                    Plaintiff,<br><br>vs.<br><br>BARSONY HOLSTERS & BELTS, LLC, an Oregon Limited Liability Company;<br><br>                    Defendant. | 8:18CV210<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court after a hearing on Intervenor White & Jorgensen's motion for release of funds to White & Jorgensen for fees, Filing No. 128. White & Jorgenson represented the plaintiff earlier in this action. It seeks recovery of its attorney fees on the basis of quantum meruit for its services from September 2017 through the date that the plaintiff terminated its services in June of 2021. After retaining new counsel, the plaintiff subsequently settled with the defendant. White & Jorgensen filed a Notice of Attorney's Lien for a total of $95,756.25, and the defendant deposited that amount with the Clerk of this Court.[1]

    When an original contingent fee contract is no longer in effect due to a client's termination of a law firm's services, an attorney is generally entitled to recover the reasonable value of its services rendered to date of discharge. *Byrne v. Hauptman, O'Brien, Wolff & Lathrop, P.C.*, 608 N.W.2d 208, 215-16 (Neb. Ct. App. 2000). Generally, only reasonable attorney fees will be allowed and the attorney requesting fees bears the burden of presenting sufficient evidence to establish the reasonableness of the fee. *Id.* The eight factors listed in § 3-501.5 of the Nebraska Professional Rules

---

[1] That amount includes $18,551.09 in expenses that the plaintiff does not challenge.

of Conduct guide the Court's evaluation of the reasonableness of a fee.[2] See Stueve v. Valmont Indus., 761 N.W.2d 544, 549 (Neb. 2009).

White & Jorgensen seek $77,195.00 for time expended on the case. The Court has reviewed the parties' submissions and finds that the Intervenor has shown that the fees are reasonable and were necessary to achieve the result obtained. The fees sought are well under the amount for which the plaintiff and White and Jorgensen originally contracted. The hours expended were reasonable and necessary and the hourly rates are reasonable in this community. The Court finds the Intervenor should be compensated for its work. Accordingly,

IT IS ORDERED:

1. The Intervenor's motion for release of finds (Filing No. 128) is granted.

2. The Clerk of Court is directed to release $95,756.25 plus accrued interest, to the law firm of White and Jorgensen.

Dated this 11th day of March 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] Those are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Neb. Ct. R. of Prof. Cond. § 3-501.5